and manifest were made to the custom house, and they are not included in that report. If, then, they are sea stores within the meaning and intention of the act of congress, the law has been violated and the articles are forfeited.

The same question arose in the case of an information against a cable, tried and decided a short time since, in this court. That trial was by a jury, the seizure having been made on land; this is by the court, the seizure having been made on board of the vessel. It was my opinion in the former case, and the verdict was in conformity with it, that articles purchased for the ship, to be used as part of her tackle and apparel, as part of her equipment. for her navigation. cannot be considered as her sea stores. sometimes designated as the "vessel and cabin stores;" but that these stores mean the provisions taken on board for the use of the passengers and crew, and not such articles as the anchors. cables. spars and cordage of the ship. I will not now repeat the reasons given for this opinion in the charge to the jury; I have carefully reviewed it, and find no cause to change it. I therefore think that the articles mentioned in the present information were not a part of the sea stores of the Eliza; that the master was not bound to report them in his manifest as such; and consequently, that the prosecution against them as such cannot be supported.

A question has been agitated in the argument of this case, on which I do not find it necessary to give any opinion; that is. whether a ship of the United States may take on board, at a foreign port. any quantity of articles. such as cordage, for the use of the ship, beyond what she can require for the immediate voyage she is about to proceed on. and may lay in a supply of such articles for as many subsequent voyages as the master or owners may think proper. The quantity cannot change their character, and turn them into sea stores; if unauthorised, they ought to be proceeded against as cargo or merchandise; but whether justly or not I do not intimate an opinion. In the present case I have no doubt that the articles in question were truly purchased for the use of the ship; the objection is to the quantity. As to the ravensduck and the sail cloth, the evidence is satisfactory, I believe uncontradicted. that the quantities were not more than such a vessel, by ordinary usage, would take for her voyage home. As to the twenty-three coils of cordage, there is more doubt about the necessary quantity in relation to that voyage; but they were truly intended for the ship when purchased, and actually used on board of her. part in coming home. and the rest in fitting her out for her next voyage, or during that voyage. I mention these things to remove any impression of a fraudulent or illegal design on the part of the master of this ship. in omitting to report these articles in his manifest; and not because they are of any importance to the principle on which the case is decided.

Decree. That the information be dismissed and the goods restored to the claimants.

[On an appeal to the circuit court, the decree of this court was affirmed. Case No. 16,566.]

---

## Case No. 16,574.

UNITED STATES v. TWENTY-THREE GALLONS OF DISTILLED SPIRITS.

[See Case No. 15,280.]

---

## Case No. 16,575.

UNITED STATES v. TWO BARRELS.

[6 Int. Rev. Rec. 44; 14 Pittsb. Leg. J. 529.] District Court, D. Wisconsin. 1867.

DISTILLER'S LICENSE—WHEN NECESSARY—MANUFACTURE OF VINEGAR.

[One who, in order to manufacture vinegar, makes a mash, such as is used for the production of spirits, boils the same in a still, from which the vapors pass into a tub containing water, in which the vapor is condensed, until a fluid containing 5 to 7 per cent. of spirits is obtained, and who does not use machinery capable of producing a higher per cent. of spirits, is not bound to take out a distiller's license.]

John D. B. Cogswell. U. S. Dist. Atty. Smith & Solomon, for claimant.

MILLER, District Judge. The information propounds that the collector of internal revenue seized two barrels containing distilled spirits, for the cause that the owner and superintendent of a still, boiler, and other vessels, used in the distillation of spirits, neglected to make true and exact entries and reports as required by law. A claim and answer being put in, the following agreed statement of facts was submitted. The two barrels were seized on the premises of the claimant, used by him as a vinegar factory, where the contents of said barrels were produced by him in the ordinary course of manufacturing, and for the purpose of making vinegar. In order to manufacture vinegar, he makes a mash such as is ordinarily made by distillers for the production of spirits. This mash is put into a still and boiled. The vapor arising from such boiling, passes through a pipe into a tub, partially filled with water or a mixture of vinegar and water, thus condensing the vapor until a fluid is obtained, containing from five to seven per cent. of spirits. The fluid so produced is then used for the manufacture of vinegar, and can be used for no other purpose; and especially not for the purpose of producing spirits, without the process of redistillation. In the ordinary production and manufacture of spirits by distilers for sale, the vapor produced by the boiling of the mash is carried through a doubler and worm, in order to condense the same. The claimant does not use a doubler or worm,